## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 14-0458** (Webster County 12-F-6)

**Jason R.,**
**Defendant Below, Petitioner**

**FILED**

September 21, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason R., by counsel Jason D. Parmer, appeals the Circuit Court of Webster County's April 3, 2014, order sentencing for his convictions upon no contest pleas to two counts of first-degree sexual assault and one count of first-degree sexual abuse.[1] The State, by counsel Laura Young, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion to withdraw his guilty plea without a hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2012, a Webster County grand jury indicted petitioner on two counts of first-degree sexual assault; four counts of sexual abuse by a parent, guardian, or custodian; and two counts of first-degree sexual abuse. These charges stemmed from various sexual acts committed against two different male victims, each younger than twelve years old. Thereafter, the circuit court ordered that petitioner undergo a mental competency examination. In November of 2012, the circuit court entered an order finding that petitioner was not competent to stand trial. The circuit court committed petitioner to a mental health facility to restore petitioner's competence.[2]

---

[1]"We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. W.Va. Dep't of Human Serv. v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2]West Virginia Code § 27-6A-3(f) provides that:

> If at any point in the proceedings the defendant is found not competent to stand trial and is found substantially likely to attain competency, the court

(continued . . . )

1

In May of 2013, the circuit court held another hearing on petitioner's competency. Doctor John Lusins testified that petitioner was competent to stand trial and recommended certain medications. The circuit court also considered petitioner's letters to the court, which outlined the court process and the nature and history of the proceedings, a factor that the circuit court noted as evidence of petitioner's understanding of the legal process. Accordingly, the circuit court found petitioner competent to stand trial.

In January of 2014, petitioner and the State entered into a "Third Amended Plea Agreement" ("agreement"), pursuant to which petitioner agreed to enter a plea of no contest to two counts of third-degree sexual assault and one count of first-degree sexual abuse. The second paragraph of the agreement contained internal inconsistencies: The State properly recommended that petitioner be sentenced to one to five years for each count of third-degree sexual assault, but the State then recommended that petitioner be sentenced to five to twenty-five years for his plea to one count of "third-degree sexual abuse," an offense to which he did not agree to plead no contest.[3] The State correctly calculated petitioner's cumulative sentence of seven to thirty-five years of incarceration based on the charges to which petitioner had agreed to plead.

The circuit court held a plea hearing on January 22, 2014, during which petitioner pled no contest to the following felonies: two counts of third-degree sexual assault, in violation of West Virginia Code § 61-8B-5; and one count of first-degree sexual abuse, in violation of West Virginia Code § 61-8B-7. During the circuit court's thorough plea colloquy, the circuit court explained to petitioner the consequences of his plea, including his waiver of certain constitutional and statutory rights; informed petitioner that he could not withdraw his plea if it was accepted; and confirmed petitioner's understanding of his potential maximum incarceration. Petitioner stated that he was not suffering from a mental illness that kept him from understanding the plea proceedings. Further, petitioner acknowledged that he was satisfied with his attorney, that his answers during the plea colloquy were truthful, that he discussed the plea with his mother, and that he freely and voluntarily entered into the plea agreement.

Thereafter, petitioner, *pro se*, sent a letter to Judge Alsop requesting to withdraw his plea because he "was not in the right state of mind."[4] By order entered April 3, 2014, the circuit court

---

of record shall in the same order, upon the evidence, make further findings as to whether the defendant requires, in order to attain competency, inpatient management in a mental health facility. If inpatient management is required, the court shall order the defendant be committed to an inpatient mental health facility designated by the department to attain competency to stand trial and for a competency evaluation.

[3]Petitioner pled to one count of first-degree sexual abuse.

[4]Petitioner's letter is not dated and the circuit court's docket sheet does not reflect that petitioner properly filed a motion to withdraw his plea. Petitioner's letter was notarized on March 7, 2014. Furthermore, petitioner was represented by counsel during this time.

2

sentenced petitioner to the statutory terms of incarceration of one to five years for each count of third-degree sexual assault and five to twenty-five years for one count of first-degree sexual abuse. The circuit court ordered that the sentences shall run consecutively to each other. Importantly, the circuit court noted the inconsistencies in the agreement and the "Plea of No Contest," but it was clear that petitioner was entering pleas to the crimes accurately specified in the "Plea of No Contest." The circuit court also sentenced petitioner to fifty years of supervised release upon his release from incarceration. By order entered July 30, 2014, the circuit court entered an order denying petitioner's motion to withdraw his plea. The circuit court held that petitioner's motion failed to set forth sufficient grounds to show that the withdrawal of his plea was consistent with the proper administration of justice because during the plea colloquy, petitioner understood his rights and freely and voluntarily entered his plea. Petitioner now appeals.

This Court has held:

> Notwithstanding that a defendant is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. Moreover, a trial court's decision on a motion under Rule 32(d) of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion.

Syl. Pt. 2, *Duncil v. Kaufman*, 183 W.Va. 175, 394 S.E.2d 870 (1990). A circuit court abuses its discretion "if it bases its ruling on an erroneous assessment of the evidence or an erroneous view of the law." *Cox v. State*, 194 W.Va. 210, 218 n. 3, 460 S.E.2d 25, 33 n. 3 (1995).

Rule 32(e) of the West Virginia Rules of Criminal Procedure provides that "the [circuit] court may permit withdrawal of the plea if the defendant shows any fair and just reason." We have also held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) ("An elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)). Petitioner argues that he alleged sufficient facts and is entitled to a hearing on his motion. Specifically, petitioner claims that he was "not in the right state of mind" and was coerced into accepting the plea agreement. On appeal, petitioner argues that he has a constitutional right to a hearing on his motion to withdraw his no contest plea.

Upon review of the appendix record, we do not find that the circuit court abused its discretion by not holding a hearing on petitioner's motion to withdraw his no contest plea. The record on appeal establishes that petitioner failed to meet his burden of any "fair and just reason" to warrant the withdrawal of his plea agreement; and negates petitioner's vague and unsupported assertion that he was not in the "right state of mind." The circuit court discussed petitioner's mental health status during the lengthy plea colloquy. The circuit court specifically inquired into petitioner's mental health status, to which he responded that there were no mental illnesses that kept him from understanding the plea proceedings. Importantly, Dr. John Lusins testified that petitioner was competent to stand trial. Further, petitioner acknowledged that his answers during

the plea colloquy were truthful, that he freely and voluntarily entered into the plea agreement, and that no one made any threats or promises to force him to plead no contest. As noted above, whether to allow the withdrawal of a plea is a matter within the sound discretion of the circuit court. For these reasons, we find no merit to petitioner's contention that the circuit court was required to hold a hearing on his motion to withdraw his no contest plea.[5]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 21, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5]Upon a careful review of the appendix record on appeal, we observe a clerical error in the April, 3, 2014, sentencing order. The circuit court imposed the sentences set by statute, and imposed those sentences consecutively, for a total aggregate maximum sentence of incarceration of thirty-five years. During the sentencing hearing, the judge clearly informed petitioner that he was being sentenced to a term of incarceration of seven to thirty-five years. However, the sentencing order incorrectly indicates that the maximum term is twenty-five years. This issue was not raised in this appeal, thus we decline to formally address it. However, the parties and circuit court should act to correct this clerical error pursuant to the circuit court's authority in Rule 36 of the West Virginia Rules of Criminal Procedure.

4