■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS B. PARCES, Appellant.—Judgment unanimously reversed on the law, motion granted, and defendant remanded to Jefferson County Court for further proceedings on the indictment. Memorandum: The trial court improvidently exercised its discretion in denying defendant's timely application to withdraw his guilty plea. On the day following entry of an *Alford* plea, defendant notified his attorney that he wanted to change his plea. Throughout his first trial and proceedings preliminary to entry of the plea, defendant continually claimed that he was innocent. At the plea colloquy, defendant entered a plea with some reluctance, indicating that he was doing so based solely upon the advice of his attorney. Moreover, it appears that defendant's reluctance to plead was overcome by the prosecutor's promise that, even if a prior criminal matter in Texas was a predicate felony, the People would not file a second felony offender statement. That promise could not have been kept *(see,* CPL 400.21; *People v Scarbrough,* 66 NY2d 673, *revg* 105 AD2d 1107 *on dissenting mem of Boomer, J.).* Although the People claimed that a key witness had left the State, no claim was advanced that the witness was unavailable or that he could not be returned for trial. Under these circumstances, the court should have permitted defendant to withdraw his plea *(see, People v Leslie,* 98 AD2d 977). (Appeal from judgment of Jefferson County Court, Clary, J.—criminal sale of controlled substance, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.