394 S.E.2d 870

William C. DUNCIL, Warden

v.

Hon. Tod J. KAUFMAN, Judge of the
Circuit Court of Kanawha County,
and Judson Warren White.

No. 19360.

Supreme Court of Appeals of
West Virginia.

June 12, 1990.

William C. Forbes, Pros. Atty., Mary Beth Kershner, Asst. Pros. Atty., Charleston, W.Va., for William C. Duncil.

Stephen R. Crislip, Robert A. Lockhart, Jackson and Kelly, Charleston, W.Va., for Tod J. Kaufman and Judson Warren White.

Kim Ladewig, Charleston, W.Va., for Judson Warren White.

MILLER, Justice:

This is an original prohibition brought by William C. Duncil, Warden of Huttonsville Correctional Center, (the State) against the Circuit Court of Kanawha County challenging an order dated August 21, 1989. The circuit court found that the State breached a plea agreement, that Judson Warren White (the defendant) should have been allowed to withdraw his guilty plea, and that the sentencing judge impermissibly relied upon a prior void conviction when sentencing the defendant. The circuit court reduced the defendant's sentence to time served.

I.

FACTS

The defendant was indicted in the Circuit Court of Kanawha County during the May, 1986, term for ten counts of forgery and ten counts of uttering. On November 19, 1986, the day of his plea hearing, the State offered to dismiss ten counts of the indictment in exchange for the defendant's plea of guilty to the remaining ten counts. The State also offered to recommend consecutive sentences for only five of the remaining counts. After conferring with his attorney, the defendant accepted the State's offer.

On January 20, 1987, the date of the scheduled sentencing hearing, defense counsel made a motion to withdraw the defendant's guilty plea. The defendant asserted that he was innocent of several of the charges and wished to proceed to trial. The circuit court found that the defendant's guilty plea was given voluntarily and knowingly, and it denied the motion. Subsequently, the circuit court sentenced the defendant to 5-to-50 years in prison, the sentence recommended by the plea agreement.

The defendant was confined at the Huttonsville Correctional Center, a medium security prison. On December 21, 1988, he filed a petition for a writ of habeas corpus in the Circuit Court of Randolph County, claiming that his plea was not voluntary, that he had ineffective assistance of counsel, and that he was denied the right to withdraw his guilty plea prior to sentencing. The Circuit Court of Randolph County denied the petition without a hearing on January 26, 1989. On February 21, 1989, the defendant appealed the Circuit Court of Randolph County's dismissal of his habeas corpus petition to this Court.

We accepted the defendant's petition, treated it as a proceeding in habeas corpus, and made it returnable to the Circuit Court of Kanawha County to conduct a hearing to determine whether the defendant's motion to withdraw his guilty plea should have been granted. After the hearing, the respondent judge, the Honorable Tod J.

Kaufman, found that the defendant should have been allowed to withdraw his plea because (1) it was involuntary, and (2) his counsel was ineffective. The respondent judge also found that the State had breached the plea agreement and that the original trial court considered a void conviction when sentencing the defendant. As relief, the respondent judge reduced the defendant's sentence to the time already served.

## II.

## WITHDRAWAL OF THE GUILTY PLEA

■■■ Motions to withdraw guilty pleas are controlled by Rule 32(d) of the West Virginia Rules of Criminal Procedure.[1] As we explained in Syllabus Point 1 of *State v. Harlow*, 176 W.Va. 559, 346 S.E.2d 350 (1986):

> "Rule 32(d) of the West Virginia Rules of Criminal Procedure as it relates to the right to withdraw a guilty or nolo contendere plea prior to sentence permits the withdrawal of a plea for 'any fair and just reason.' "

Rule 32(d) of the Federal Rules of Criminal Procedure also allows withdrawal of a guilty plea before sentencing for any "fair and just reason." The federal courts, in interpreting this provision, have explained: "Notwithstanding that a [defendant] is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing." *United States v. Boone*, 869 F.2d 1089, 1091 (8th Cir.), *cert. denied*, 493 U.S. 822, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989). (Citation omitted). *See also United States v. Pellerito*, 878 F.2d 1535 (1st Cir.1989); *United States v. Martinez*, 785 F.2d 111 (3d Cir.1986); *United States v. Daniel*, 866 F.2d 749 (5th Cir.1989); *United States v. Spencer*, 836 F.2d 236 (6th Cir.1987); *Dolchok v. State*,

639 P.2d 277 (Alaska 1982); *State v. Mangano*, 464 So.2d 1032 (La.App.1985); *State v. Boone*, 444 A.2d 438 (Me.1982); *State v. Bryant*, 378 N.W.2d 108 (Minn.App.1985); *State v. Cross*, 142 Vt. 44, 451 A.2d 1149 (1982). Moreover, a trial court's decision on a motion under Rule 32(d) will be disturbed only if the court has abused its discretion. *United States v. Roberts*, 570 F.2d 999 (D.C.Cir.1977), *aff'd*, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980); *United States v. Pellerito, supra; United States v. Huff*, 873 F.2d 709 (3d Cir.1989); *United States v. Triplett*, 828 F.2d 1195 (6th Cir.1987); *United States v. Boone, supra; Barker v. United States*, 579 F.2d 1219 (10th Cir.1978); *Gooding v. United States*, 529 A.2d 301 (D.C.App.1987); *People v. Kokoraleis*, 193 Ill.App.3d 684, 140 Ill.Dec. 482, 549 N.E.2d 1354 (1990); *People v. Hundley*, 181 Mich.App. 137, 449 N.W.2d 121 (1989); *State v. Robinson*, 388 N.W.2d 43 (Minn.App.1986); *State v. Stai*, 335 N.W.2d 798 (N.D.1983); *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984).

## A.

### *Defendant's Declaration of Innocence*

■■■ The defendant contends that his assertion of innocence alone is a "fair and just" reason for granting his Rule 32(d) motion. We disagree. A mere declaration of innocence does not entitle a defendant to withdraw his guilty plea. *United States v. Barker*, 514 F.2d 208 (D.C.Cir.), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975); *Government of Virgin Islands v. Berry*, 631 F.2d 214 (3d Cir. 1980); *United States v. Buckles*, 843 F.2d 469 (11th Cir.1988), *cert. denied*, 490 U.S. 1099, 109 S.Ct. 2450, 104 L.Ed.2d 1005 (1989). *See also Gooding v. United States, supra; People v. Hundley, supra; Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984); *Commonwealth v. Cole*, 387 Pa.Su-

---

1. Rule 32(d) of the West Virginia Rules of Criminal Procedure provides:

"*Plea Withdrawal.* If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is

had under W.Va.Code § 62–12–7(a), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by petition under W.Va.Code § 53–4A–1."

per. 328, 564 A.2d 203 (1989); *Goodie v. State,* 735 S.W.2d 871 (Tex.Crim.App.1987), *review denied,* 745 S.W.2d 379 (Tex.Crim. App.1988); *State v. Shanks,* 152 Wis.2d 284, 448 N.W.2d 264 (Wis.App.1989).

■ The general rule is that in the exercise of its discretion to permit a withdrawal of a guilty plea before sentencing based on a defendant's assertion of innocence, a trial court should consider the length of time between the entry of the guilty plea and the filing of the motion to withdraw. Consideration should also be given as to why the grounds for withdrawal were not presented to the court at an earlier point in the proceedings and to whether the defendant maintained his innocence throughout the plea proceedings. *E.g., United States v. Pellerito, supra; United States v. Spencer, supra. See United States v. Roberts, supra; United States v. Needles,* 472 F.2d 652 (2d Cir.1973). Courts have also considered whether the prosecution's case would be prejudiced and whether the defendant has articulated some ground in support of his claim of innocence. *United States v. Huff, supra; United States v. Triplett, supra.*[2] *See generally* Project, *Seventeenth Annual Review of Criminal Procedure: United States Supreme Court and Court of Appeals 1986–1987,* 76 Geo. L.J. 521, 866 n. 1680 (1988). The reason for this rule qualifying the right to withdraw a previously tendered guilty plea is stated in *United States v. Barker,* 514 F.2d at 221, *quoting Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 756 (1970):

"Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but 'a grave and solemn act,' which is 'accepted only with care and discernment.' "

■ We find several reasons to conclude that there was no abuse of discretion by the sentencing court in refusing to permit withdrawal of the guilty plea in the case at bar. First, the defendant did not move to withdraw his plea until the day of sentencing, or approximately two months after he entered the guilty plea. Second, the defendant offered no reason for his delay in making the motion and asserted only that he was innocent of some of the charges. In addition, the defendant made no assertions of innocence during the taking of his guilty plea. "[W]here a defendant is aware of the condition or reason for a plea withdrawal, at the time his plea is entered [*e.g.,* he is innocent], a case for withdrawal is weaker." *United States v. Spencer,* 836 F.2d at 239, *citing United States v. Usher,* 703 F.2d 956 (6th Cir.1983). Finally, the defendant offered no evidence of his innocence.[3] For these reasons, we conclude that the sentencing court did not abuse its discretion in refusing to allow the defendant to withdraw his guilty plea.

### B.

#### *Involuntary Plea*

■ Our seminal case on whether a guilty plea was given voluntarily and knowingly is *Call v. McKenzie,* 159 W.Va. 191, 220 S.E.2d 665 (1975). In *Call,* we established several guidelines that trial courts should follow in ascertaining whether a defendant's plea of guilty is voluntarily and knowingly made. *See also* W.Va.R.Crim.P.

2. State courts have utilized many of the same considerations. *E.g., Wahl v. State,* 691 P.2d 1048 (Alaska App.1984); *People v. Kimble,* 109 Mich.App. 659, 311 N.W.2d 446 (1981); *State v. Torres,* 121 N.H. 828, 435 A.2d 527 (1981); *People v. Parces,* 152 A.D.2d 977, 543 N.Y.S.2d 594 (1989); *State v. Handy,* 326 N.C. 532, 391 S.E.2d 159 (1990). *See also Gooding v. United States, supra.*

3. In *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the Supreme Court recognized that a guilty plea could be made as a result of a voluntary and intelligent decision even though the defendant maintained his innocence. Central to *Alford* was the fact that at the guilty plea hearing the prosecution made a substantial showing that the defendant had committed the crime. The State in this case also made a substantial showing at the plea hearing of the defendant's guilt. The defendant did not contest the State's evidence.

11(d). In addition to advising the defendant of the numerous constitutional rights he waives by pleading guilty, the trial court should recite the terms of the plea agreement and should assure itself that there is no coercion or undue pressure on the defendant to enter a plea. Finally, the trial court should inquire about the defendant's education, his history of mental illness or drug abuse, and whether he has had an opportunity to consult with friends and relatives before making his decision to plead guilty.

■ Here, the trial court advised and questioned the defendant about each constitutional right he would waive by entering a guilty plea. The trial court inquired about the defendant's age and education. He responded that he was twenty-seven years of age and had a General Educational Development (G.E.D.) degree. When asked if he had ever suffered from a mental illness and whether he was under the influence of drugs, alcohol, or medication at the time of the plea hearing, the defendant answered in the negative. The trial court also asked the defendant whether he had been threatened or promised leniency in exchange for his plea, and, again, he replied in the negative.

The prosecutor proffered for the record a summary of the State's evidence against the defendant, and defense counsel assured the court that he had discussed all of the counts of the indictment with the defendant. Defense counsel also stated that he had explained each of the elements that the State would be required to prove. Finally, defense counsel set forth on the record the terms of the written plea agreement, which was signed by the defendant and his counsel. At no time during the plea hearing did the defendant assert his innocence or indicate that he wished to enter a plea of not guilty.

In light of the foregoing, we find that the trial court correctly followed the guidelines of *Call v. McKenzie, supra.* Accordingly, we hold that the defendant failed to prove that his plea was involuntarily given, as he was required to do under Syllabus

Point 1 of *State ex rel. Wilson v. Hedrick,* 180 W.Va. 689, 379 S.E.2d 493 (1989):

" 'The burden of proving that a plea was involuntarily made rests upon the pleader.' Syllabus point 3, *State ex rel. Clancy v. Coiner,* 154 W.Va. 857, 179 S.E.2d 726 (1971)."

## C.

### *Ineffective Assistance of Counsel*

■ In Syllabus Point 3 of *State v. Sims,* 162 W.Va. 212, 248 S.E.2d 834 (1978), we set forth the conditions that must be met in order to prevail on a claim of ineffective assistance of counsel after a guilty plea:

"Before a guilty plea will be set aside based on the fact that the defendant was incompetently advised, it must be shown that (1) counsel did act incompetently; (2) the incompetency must relate to a matter which would have substantially affected the fact-finding process if the case had proceeded to trial; (3) the guilty plea must have been motivated by this error."

In explaining the first of these elements, we stated: "Before an initial finding will be made that counsel acted incompetently with respect to advising on legal issues in connection with a guilty plea, the advice must be manifestly erroneous." Syllabus Point 2, *State ex rel. Burton v. Whyte,* 163 W.Va. 276, 256 S.E.2d 424 (1979).

During the guilty plea hearing, the trial court asked the defendant if he was dissatisfied with the representation of his attorney and whether there was anything the defendant wished the attorney had done which he had failed to do. The defendant responded "no" to each of these inquiries. On appeal, the defendant has not articulated any reason why his defense counsel's advice to plead guilty was manifestly erroneous. As we have already discussed, the defendant's bald assertion of his innocence is not a sufficient reason to set aside a guilty plea, absent some specific basis to support his claim. We conclude that the defendant has failed to meet his burden of proof under the *Sims* test.

## III.

### PRIOR VOID CONVICTION

■ We also find no merit in the defendant's contention that the trial court improperly considered a prior void conviction in sentencing the defendant. The defendant's presentence investigation report mentioned an armed robbery conviction from which the defendant was subsequently discharged by court order.[4]

At the sentencing hearing, defense counsel brought up the invalid armed robbery conviction and argued it as a reason to be lenient on the defendant when sentencing him.[5] The prosecuting attorney confirmed defense counsel's statement that the prior conviction had been discharged because of an error of law.

The United States Supreme Court held in *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), that it is impermissible for a sentence to be enhanced based on a prior invalid conviction. In *Tucker*, the federal district court explicitly considered the defendant's two prior felony convictions in sentencing the defendant on an armed robbery charge. The two prior convictions were later found to be invalid. The Supreme Court concluded that the defendant's present sentence must be reconsidered without giving any effect to the prior felonies.

Several federal courts of appeals have interpreted *Tucker* to mean that where the record is silent as to whether the trial court

considered a subsequently invalidated conviction, the defendant must be resentenced. *See United States v. Rivera*, 521 F.2d 125 (2d Cir.1975); *United States v. Brown*, 479 F.2d 1170 (2d Cir.1973); *Jerkins v. United States*, 530 F.2d 1203 (5th Cir.1976); *James v. United States*, 476 F.2d 936 (8th Cir. 1973); *Martinez v. United States*, 464 F.2d 1289 (10th Cir.1972). As the Fifth Circuit aptly explained:

"[U]nless it can be ascertained from the record, as it now stands or after it is supplemented on remand, that the District Court's sentence on a valid conviction was not affected by a subsequently invalidated conviction on another count of the indictment, the defendant must be resentenced on the valid conviction." *Jerkins v. United States*, 530 F.2d at 1204.

Here, we do not deal with a conviction invalidated after the challenged sentence was imposed. There is no question that the trial court knew the defendant's prior conviction for armed robbery had been discharged because of an error of law. Defense counsel vigorously made this point and chose to argue that the time served on this void conviction was a mitigating factor. Where a defendant claims that his sentence should be set aside because it was enhanced based on a prior invalid conviction, before the sentence will be vacated, the following requirements must be met under *Tucker:* "[1] the prior conviction [must be] unconstitutional, ... [2] the sen-

---

4. Although a juvenile when the armed robbery charge was brought, the defendant was transferred to adult jurisdiction pursuant to W.Va.Code, 49–5–3 (1975), which authorized such transfer if the crime involved was one "which if committed by an adult would be capital offense." In the Syllabus of *Thomas v. Leverette*, 166 W.Va. 185, 273 S.E.2d 364 (1980), we subsequently held:
   "The crime of armed robbery was not intended to be included in that class of crimes designated 'capital offenses' for the purposes of W.Va.Code § 49–5–3 [1975], excluding from the juvenile jurisdiction of the circuit court juveniles charged with the commission of acts which would be 'capital offenses' if committed by an adult."
As a consequence, the Circuit Court of Kanawha County, in an earlier habeas corpus proceeding, by an order dated August 11, 1981, vacated the defendant's armed robbery sentence.

5. Defense counsel's remarks were:
   "There is a part in there, your Honor, that it is very relevant and should be given considerable weight by the Court: that is Mr. White's initial contact with the judicial system was sometime ago when he was 16. Then under an erroneous opinion of the law, he was sentenced to the penitentiary as an adult at 16 and 17. He was arrested while he was 16. It became apparent later that it was an error of the law and he was released on a writ. The Court should consider in determining or evaluating his subsequent behavior the terrible shock that a person would have at being put into the penitentiary situation, I understand at Moundsville, not Huttonville [*sic*] or anything else, it was Moundsville, at the age of 17 on an illegal sentence."

tencing judge [must have] mistakenly believed it was valid and [3] ... it [must have been used] to enhance the [challenged] sentence." *United States v. Williams*, 782 F.2d 1462, 1466 (9th Cir.1985). (Citations omitted). *See also United States v. Rivera, supra; Bourgeois v. Whitley*, 784 F.2d 718 (5th Cir.1986); *United States v. Berry*, 661 F.2d 618 (7th Cir.1981); *James v. United States, supra; Campbell v. Kincheloe*, 829 F.2d 1453 (9th Cir.1987), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988).

Here, all of these requirements have not been met. First, the judge was clearly informed that there was a prior invalid conviction. Second, there is no showing that he enhanced the defendant's sentence because of the void conviction. Finally, the sentence imposed was the one recommended in the agreed plea bargain.[6]

## IV.

## BREACH OF THE PLEA AGREEMENT

The written plea agreement between the State and the defendant provided that the State would dismiss ten counts of the indictment and would recommend that sentences for five of the remaining counts run consecutively. Paragraph six of the plea agreement stated that the five preceding paragraphs constituted the entire agree-

---

**6.** The defendant further argues that the trial court failed to follow Rule 32(c)(3)(D) of the West Virginia Rules of Criminal Procedure. This rule states in pertinent part:

"If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing."

We do not believe that Rule 32(c)(3)(D) applies because the prosecutor and defense counsel agreed that the defendant's armed robbery conviction was void and that this information was also reflected in the probation report. Thus, there was no controverted matter which would trigger this rule.

**7.** The entire plea agreement, as contained in a letter dated November 19, 1986, reads as follows:

ment.[7] During the plea hearing, defense counsel stated to the court: "It's not in the written agreement itself, but Miss Berger and I had discussed this, that I am free to argue any other sentence that I feel is supported by the facts of the pre-sentence report or the circumstance of Mr. White."

At the sentencing hearing, defense counsel urged the trial court to give the defendant a lesser sentence than that recommended in the plea agreement, mainly because of the defendant's unfortunate circumstances when he was wrongly convicted of armed robbery. In response to defense counsel's argument, the prosecuting attorney told the court that she was sympathetic to the defendant's wrongful incarceration. However, she explained that since that time, the defendant had been convicted of forgery and uttering, the same crime with which he was presently charged. The prosecution then concluded that it would stand by its recommendations that the defendant be convicted of ten counts and that five of the counts run consecutively.

Despite the language in the plea agreement that "[t]he above five (5) paragraphs constitute the entire Agreement," the defendant contends that based on the aforementioned comments by his attorney, he reasonably believed that the State would

"1. The defendant, JUDSON WARREN WHITE, will plead guilty to ten (10) counts of forgery and/or uttering under indictment 86–F–248.

"2. The State agrees to recommend that sentences on five (5) of the counts are to run consecutively.

"3. The State agrees to dismiss the remaining ten (10) counts of the indictment and to dismiss indictment 86–F–434 in which the defendant is charged with breaking and entering.

"4. Disposition of this matter will rest solely within the discretion of the Judge of the Circuit Court of Kanawha County.

"5. If any party to this Agreement fails to meet any of its obligations thereunder, then all provisions of this Agreement are null and void.

"6. The above five (5) paragraphs constitute the entire Agreement between your client and the State of West Virginia in this matter."

remain silent as to his arguments for a lesser sentence. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In *Santobello,* the defendant agreed to plead guilty to possession of gambling records in the second degree, if the prosecution would agree to make no recommendation as to the defendant's sentence. Between the time the defendant pled guilty and the sentencing hearing, another prosecutor replaced the prosecutor who had negotiated the plea. At the sentencing hearing, the new prosecutor recommended that the defendant receive the maximum sentence because of his criminal record and his alleged links with organized crime. Although defense counsel objected on the ground that the prosecution breached the plea agreement, the trial court still imposed the maximum sentence.

■ On appeal, the United States Supreme Court vacated the judgment and remanded the case to the state court to determine whether the defendant should be resentenced or allowed to withdraw his plea, stating:

"This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

We have adopted this principle from *Santobello* and have held that a breach of a plea agreement may occur where the State, after having agreed to remain neutral as to the sentence to be imposed, fails to do so.

*See State v. Harlow, supra; State v. Olish,* 164 W.Va. 712, 266 S.E.2d 134 (1980).

■ Unlike *Santobello* and *Olish,* the State in this case did not promise, as a term of the plea agreement, to remain silent. Rather, the State agreed merely to recommend that five of the counts run consecutively. This is exactly the recommendation that was made by the prosecutor. There is no evidence in the record which supports the defendant's belief that the State would not oppose a sentence less than that for which it bargained.[8] Accordingly, we find no merit in the defendant's contention that the State breached the plea agreement.

## V.

### CONCLUSION

We find that the respondent judge's August 21, 1989 order resentencing the defendant exceeded his lawful jurisdiction. The legal principles controlling this case were clear. The court below exceeded its legitimate powers in ignoring them, and, as we stated in Syllabus Point 2 of *State ex rel. Winter v. MacQueen,* 161 W. Va. 30, 239 S.E.2d 660 (1977):

"Prohibition will lie to prohibit a judge from exceeding his legitimate powers."

*See also* Syllabus Point 4, *State ex rel. Ayers v. Cline,* 176 W.Va. 123, 342 S.E.2d 89 (1985); Syllabus Point 7, *State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 313 S.E.2d 409 (1984).

For the reasons stated herein, a writ of prohibition is granted prohibiting the respondent judge from resentencing the defendant.

Writ granted.

8. The only case relied upon by the defendant in support of his conclusion that the State violated the plea agreement is *Commonwealth v. Alvarado,* 442 Pa. 516, 276 A.2d 526 (1971). In *Alvarado,* the defendant pled guilty to murder and rape based upon the prosecutor's promise not to seek the death penalty. At sentencing, the prosecutor, while not specifically advocating a particular penalty, did argue the heinousness of the crime. Because the only two possible sentences in the case were life imprisonment or death, and because the prosecutor had agreed not to seek the death penalty, the Pennsylvania Supreme Court found it reasonable for the defendant to expect that the prosecutor would stand silent at sentencing.