# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 15-0744**  (Greenbrier County 13-F-68 and 13-F-150)

**Harvey Lee Davis,**
**Defendant Below, Petitioner**

**FILED**

**September 2, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Harvey Lee Davis, by counsel J. Brent Easton, appeals the circuit court's February 9, 2015, order denying his motion to withdraw his guilty pleas, and he asserts a claim of ineffective assistance of counsel. Respondent the State of West Virginia, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was charged with the felony offense of arson in the first degree (13-F-68) and the felony offense of murder in the first degree (13-F-150). The parties advised the circuit court that they had reached a plea agreement, and the State provided a copy of the agreement to the circuit court. Pursuant to that agreement, petitioner agreed to plead guilty to first degree arson and second degree murder pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).[1] In exchange, the State would move to dismiss the first degree murder charge. That agreement was signed by counsel for the State, petitioner, and counsel for petitioner. During the hearing, the circuit court asked petitioner and his counsel whether they had agreed to the terms of the written plea agreement and whether the signatures on the agreement were, in fact, their signatures; both responded affirmatively to each question. Upon further questioning, petitioner informed the circuit court that he could read and write, had not abused alcohol or drugs, and was not then under the influence of alcohol or drugs. He also informed the court that he had discussed the plea agreement with his family and friends and understood the nature and extent of the same. Petitioner's counsel below confirmed with the circuit court that he had met with petitioner on several occasions and that they had discussed the nature of the charges, the possible defenses to

---

[1] During the hearing, one of petitioner's attorneys below indicated that the basis for petitioner's *Kennedy* plea was that petitioner could not remember the details of the underlying crime due to his intoxication at the time the crime occurred.

those charges, petitioner's constitutional rights, and whether the plea agreement provided a substantial benefit to petitioner. Petitioner confirmed that he was satisfied with the legal services provided by his attorney, that his attorney had acted in his best interests, and that his attorney had done everything petitioner asked him to do. The circuit court asked petitioner a litany of questions regarding his understanding of the constitutional rights he was waiving by entering his pleas under the agreement. At the conclusion of that questioning, the circuit court found that petitioner "was fully aware of the nature and meaning of the charges against him and of the terms of the plea agreement, and that he understood the consequences of pleading guilty pursuant to the terms of the plea agreement." The circuit court accepted the pleas during the October 29, 2013, hearing and ordered the probation department to prepare a presentence investigation report. It also granted petitioner's motion for a diagnostic evaluation and dismissed the count of first degree murder as set forth in the indictment.[2]

On January 2, 2014, the circuit court received a letter from petitioner requesting to withdraw his guilty pleas, stating that he did not want to incriminate himself, he did not understand the felony information containing the second degree murder charge, and he alleged that the prosecutor in his criminal case was unfair and prejudiced. The circuit court then appointed new counsel for petitioner. On June 23, 2014, petitioner requested an evidentiary hearing to determine whether he was competent to enter into the plea agreement. In response, the circuit court directed petitioner's new counsel to obtain an audio recording of the plea hearing and directed the parties to furnish the court with a written stipulation regarding that plea hearing within thirty days.[3] On February 9, 2015, the circuit court held a hearing on petitioner's motion to withdraw his pleas. The circuit court denied that motion and set a date for sentencing.[4] On June 26, 2015, petitioner filed a motion to extend the time period to file a notice of appeal, and the circuit court granted that motion by order entered on or about June 30, 2015. This appeal followed.

> Notwithstanding that a defendant is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. Moreover, a trial court's decision on a motion under Rule 32(d) of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion.

Syl. Pt. 2, *Duncil v. Kaufman,* 183 W.Va. 175, 394 S.E.2d 870 (1990). A circuit court abuses its discretion "if it bases its ruling on an erroneous assessment of the evidence or an erroneous view of the law." *Cox v. State,* 194 W.Va. 210, 218 n.3, 460 S.E.2d 25, 33 n.3 (1995).

---

[2] An amended judgment order reflecting the same was entered on December 30, 2013.

[3] The parties did not include a copy of any such stipulation as a part of the record before this Court.

[4] By order entered on or about May 5, 2015, the circuit court sentenced petitioner to a term of imprisonment of twenty years for arson and a term of imprisonment of forty years for second degree murder, said sentences to run consecutively with credit for time served.

In addition, our standard for evaluating counsel's effectiveness is well settled. In syllabus point five of *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995), this Court adopted the following two-pronged test established by the United States Supreme Court:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

This Court provided further guidance in syllabus point six of *Miller:*

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

On appeal, petitioner asserts two assignments of error. First, he argues that the circuit court abused its discretion in denying petitioner's motion to withdraw his pleas because the ruling was decided without hearing any evidence on the effects of medications petitioner was taking at the time his pleas were entered. He asserts that this Court should consider both the length of time between the entry of his guilty pleas and the filing of the motion to withdraw those pleas; whether he maintained his innocence throughout the plea proceedings; whether the State's case would be prejudiced by the withdrawal of his pleas; and whether he has articulated some ground in support of his claim of innocence. Petitioner contends that because he sent his letter asking to withdraw his pleas approximately two months after entry of the same, which was also prior to sentencing, he should have been permitted to withdraw his pleas for "any fair and just reason." However, in his argument he fails to address the prejudice to the State's case or articulate some ground in support of his claim of innocence.

Pursuant to Rule 32(e) of the West Virginia Rules of Criminal Procedure, "[i]f a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea if the defendant shows any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by petition under [West Virginia] Code § 53-4A-1."[5] In *Duncil* this Court addressed the denial of a motion to withdraw a plea where the defendant therein moved to withdraw approximately two months after the entry of his guilty plea but asserted that his innocence constituted a "fair and just" reason to withdraw the

---

[5] West Virginia Code § 53-4A-1 is entitled "[r]ight to habeas corpus for post-conviction review; jurisdiction; when contention deemed finally adjudicated or waived; effect upon other remedies[.]"

3

same. However, Mr. Duncil did not assert his innocence at the time his plea was entered, and he failed to offer evidence of his innocence. *Id.* at 179, 394 S.E.2d at 874. In *Duncil*, this Court affirmed the circuit court's denial of the motion to withdraw his plea.

Similarly, in the instant matter, petitioner informed the circuit court during his plea hearing that he was of clear mind to enter into the agreement, he had not abused alcohol or drugs, he was not under the influence of alcohol or drugs, and he had discussed the terms of the plea agreement with his family and friends and understood the nature and extent of the agreement. It is evident from the record that petitioner was able to inform the circuit court that he was aware of the potential sentences for his convictions under the plea agreement, as well. Therefore, it does not appear that the circuit court abused its discretion in denying petitioner's motion to withdraw his pleas.

Petitioner's second assignment of error is that he received ineffective assistance of counsel from the counsel appointed to represent him in his motion to withdraw his pleas.[6] He contends that his counsel's alleged failure to adequately investigate "probably affected the outcome of the case." He argues that his counsel was given several continuances in order to perform his duties but failed to offer any proof. Petitioner is critical of his counsel's failure to offer any expert medical testimony, asserting "at a minimum [his counsel was required to conduct] a reasonable investigation enabling him to present to the court evidence of the effects of [the medications] on [petitioner's] ability to understand the ramifications of his plea[s]."

With regard to petitioner's ineffective assistance of counsel claim. We have previously held that

> "[i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim."

Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992). In the same vein, we have also held that

> [t]he very nature of an ineffective assistance of counsel claim demonstrates the inappropriateness of review on direct appeal. To the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the defendant is at a decided disadvantage. Lacking an adequate record, an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies.

---

[6] Petitioner specifically states that he is not "articulating any reason why his prior defense counsels' advice to plead guilty on October 29, 2013[,] was manifestly erroneous . . . ."

4

*Miller*, 194 W.Va. at 15, 459 S.E.2d at 126. Due to the fact that this is a direct appeal, it is not clear from the record before this Court why counsel did not present expert testimony or whether such testimony would have been helpful. Specifically, there is no testimony regarding the same. However, petitioner would be better served to develop this argument during an evidentiary hearing in a habeas proceeding. Therefore, based on the record before this Court, we find that the record is insufficient to show that it is the "extremely rare case" where this Court can find ineffective assistance of counsel on direct appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 2, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II