# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 15-1067** (Marion County 13-F-231)

**Frederick J. Fluharty,**
**Defendant Below, Petitioner**

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Frederick J. Fluharty, by counsel Michael D. Safcsak, appeals the Circuit Court of Marion County's October 2, 2015, sentencing order for his conviction upon a guilty plea to one count of third-degree sexual assault. The State, by counsel David A. Stackpole, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying his motion to withdraw his guilty plea.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, the Marion County grand jury indicted petitioner on one count of second-degree sexual assault and one count of third-degree sexual assault. These charges stemmed from sexual acts committed against a female victim less than sixteen years old. In February of 2015, the circuit court held a plea hearing during which petitioner pled guilty to one count of third-degree sexual assault. As part of this agreement, the State moved to dismiss the remaining charge of second-degree sexual assault. During this hearing, petitioner set forth the factual basis for his guilty plea stating that "I was 20, and she was 15, and I had sex with her." Thereafter, the State proffered its evidence which included evidence that petitioner's alibi witnesses recanted their stories, "stating that [petitioner] . . . ask[ed] them to provide an alibi statement for him to keep him out of trouble." By order entered March 12, 2015, the circuit court found that petitioner voluntarily, intelligently, and knowingly entered into his plea agreement and ordered a presentence investigation. Furthermore, the circuit court deferred accepting petitioner's guilty plea until sentencing.

In May of 2015, the circuit court held a sentencing hearing during which the circuit court granted petitioner's motion to continue the sentencing hearing so that he could obtain a psychological evaluation, and further directed petitioner to file his motion to withdraw his guilty plea by May 15, 2015. On May 13, 2015, petitioner filed a motion to withdraw his guilty plea

1

arguing that it would be "fair and just" to allow him to withdraw his guilty plea because the circuit court had yet to accept his guilty plea; the factual basis for the plea was "very minimal" and did not "contain any significant details . . . that constituted the crime;" and he denied committing the crime on two occasions. By order entered on June 16, 2015, the circuit court denied petitioner's motion finding that petitioner "failed to demonstrate a 'fair and just' reason for withdrawing his guilty plea."

In July of 2015, the circuit court held a sentencing hearing during which it accepted petitioner's plea of guilty to one count of third-degree sexual assault and sentenced petitioner to a term of incarceration of one to five years. Petitioner was granted 847 days of credit for time served while on home incarceration. The circuit court also imposed twenty years of supervised release upon completion of his incarceration and ordered petitioner to register as a sex offender for life. It is from this order that petitioner appeals.

This Court has held:

> Notwithstanding that a defendant is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. Moreover, a trial court's decision on a motion under Rule 32(d) of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion.

Syl. Pt. 2, *Duncil v. Kaufman*, 183 W.Va. 175, 394 S.E.2d 870 (1990). A circuit court abuses its discretion "if it bases its ruling on an erroneous assessment of the evidence or an erroneous view of the law." *Cox v. State*, 194 W.Va. 210, 218 n. 3, 460 S.E.2d 25, 33 n. 3 (1995).

On appeal, petitioner argues that the circuit court erred in denying his motion to withdraw his guilty plea because the factual basis for his plea "was minimal and lacking in detail[]" and that he maintained his innocence during the underlying proceedings. We disagree. Rule 32(e) of the West Virginia Rules of Criminal Procedure provides that "the [circuit] court may permit withdrawal of the plea if the defendant shows any fair and just reason." We have also held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) (stating that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)). Furthermore, to permit a withdrawal of a guilty plea based on an assertion of innocence, a circuit court should consider

> the length of time between the entry of the guilty plea and the filing of the motion to withdraw, why the grounds for withdrawal were not presented to the court at an earlier point in the proceedings, whether the defendant maintained his innocence throughout the plea proceedings, whether the State's case will be prejudiced, and whether the defendant has articulated some ground in support of his claim of innocence.

*Duncil*, 183 W.Va. at 176, 394 S.E.2d at 871, Syl. Pt. 3, in part. Upon a review of the appendix record, this Court finds that the circuit court did not abuse its discretion in this matter. The record in this proceeding is replete with facts supporting the circuit court's order denying petitioner's motion. Contrary to petitioner's argument that his testimony setting forth the factual basis for the plea agreement was insufficient, petitioner testified at the plea hearing that "[he] was 20, and she was 15, and I had sex with her." This testimony sets forth every element of the crime for which he pled guilty.[1] Further, petitioner offered no evidence in support of his innocence. In addition to stating a factual basis for the plea agreement, the State proffered that petitioner's alibi witnesses recanted their stories, "stating that [petitioner] . . . ask[ed] them to provide an alibi statement for him to keep him out of trouble." Therefore, petitioner failed to provide a "fair and just reason" for his plea to be withdrawn. Addititionally, the circuit court properly analyzed the facts and circumstances under the criteria set forth in *Duncil*. Thus, the circuit court's sentencing order is hereby affirmed.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 6, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[1]Petitioner pled guilty to third-degree sexual assault. Pursuant to West Virginia Code § 61-8B-5 a person is guilty of third-degree sexual assault when "[t]he person, being sixteen years old or more, engages in sexual intercourse . . . with another person who is less than sixteen years old and . . . at least four years younger than the defendant and is not married to the defendant."