# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0595** (Kanawha County 16-F-151)

**Brian Parks,**
**Defendant Below, Petitioner**

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Brian Parks, by counsel C. Joan Parker, appeals the Circuit Court of Kanawha County's May 27, 2016, order sentencing him to a term of incarceration of fifty years for his conviction of one count of first-degree robbery. The State of West Virginia, by counsel Gordon L. Mowen, II, filed a response. On appeal, petitioner argues that the circuit court erred when it denied his motion to withdraw his guilty plea.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, petitioner and his co-defendants forcibly entered the victim's apartment and robbed him of money and drugs. During the commission of the robbery, the victim was physically assaulted and later died of his injuries. Subsequently, in March of 2016, petitioner was indicted on one felony count of first-degree robbery and one felony count of first-degree murder.

In April of 2015, following plea negotiations, the State extended a binding plea offer to petitioner whereby he would plead guilty to one felony count of first-degree robbery and the State agreed to dismiss the remaining felony count of first-degree murder. For this crime, petitioner would be sentenced to a determinate term of fifty years of incarceration. Additionally, the plea itself was entered into pursuant to Rule 11(e)(1)(c) of the West Virginia Rules of Criminal Procedure.[1]

---

[1] Pursuant to Rule 11(e)(1)(c) of the West Virginia Rules of Criminal Procedure

(continued . . . )

Petitioner entered his guilty plea of guilty on May 6, 2016. During the plea hearing, the circuit court engaged petitioner in a colloquy to determine whether his guilty plea was "freely, intelligently, and voluntarily entered into." Petitioner provided the following factual basis for the plea: he assisted his co-defendants in entering the victim's apartment, beating the victim, and taking money and drugs from the victim's apartment. At the close of the hearing, the circuit court accepted the plea agreement. On May 25, 2016, petitioner filed a motion to withdraw his guilty plea. Petitioner argued that he changed his mind regarding his guilty plea, made the "wrong decision under the pressure of trial preparation," had no previous criminal record, and had a "potential defense" to the first-degree robbery charge. On May 26, 2016, the circuit court held a sentencing hearing wherein it denied petitioner's motion to withdraw his guilty plea; petitioner did not testify at the sentencing hearing. The circuit court concluded that petitioner failed to provide any additional evidence in support of his motion to withdraw and that petitioner's age, criminal record, and role in the crime had been addressed previously at the plea hearing. The circuit court sentenced petitioner to a fifty-year term of incarceration by order entered on May 27, 2016. It is from this order that petitioner appeals.

We have previously held that

> [n]otwithstanding that a defendant is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. Moreover, a trial court's decision on a motion under Rule 32(d) of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion.

Syl. Pt. 2, *Duncil v. Kaufman*, 183 W.Va. 175, 394 S.E.2d 870 (1990).

On appeal, petitioner argues that pleading guilty to first-degree robbery was the wrong decision. He contends that he should be permitted to withdraw his guilty plea because he was young, had no criminal history, and had a potential defense to the crime. We disagree. Rule 32(e) of the West Virginia Rule of Criminal Procedure provides that "[i]f a motion for withdrawal of a plea of guilty . . . is made before sentence is imposed, the court may permit withdrawal of the plea if the defendant shows any fair and just reason." We have also previously articulated the factors for the circuit court to consider when a defendant moves to withdraw a guilty plea before sentencing:

> A mere declaration of innocence does not entitle a defendant to withdraw

---

[t]he attorney for the state and the attorney for the defendant . . . may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty . . . to a charged offense or to a lesser or related offense, the attorney for the state will do any of the following: Agree that a specific sentence is the appropriate disposition of the case.

his guilty plea. The general rule is that in the exercise of its discretion to permit withdrawal of a guilty plea before sentencing based on a defendant's assertion of innocence, a trial court should consider the length of time between the entry of the guilty plea and the filing of the motion to withdraw, why the grounds for withdrawal were not presented to the court at an earlier point in the proceedings, whether the defendant maintained his innocence throughout the plea proceedings, whether the State's case will be prejudiced, and whether the defendant has articulated some ground in support of his claim of innocence.

*Id.* at 176, 394 S.E.2d at 871. Here, petitioner based his motion, in part, upon his alleged innocence, claiming he had a "potential defense" to the crime charged. However, upon a review of the record, this Court finds that the circuit court did not abuse its discretion in this matter. The record in this proceeding supports the circuit court's order denying petitioner's motion. Contrary to petitioner's argument that he had a potential defense to the first-degree robbery, petitioner admitted in his plea colloquy that he participated in the robbery. Further, petitioner offered no additional evidence in support of his innocence or his motion. The circuit court advised petitioner that he must articulate a fair and just reason in order for it to consider his motion to withdraw. However, it is clear from the record that petitioner chose not to testify and failed to articulate any further basis for his motion. Accordingly, the circuit court correctly found that, absent some additional evidence, petitioner made a fully-informed decision to plead guilty. Therefore, petitioner failed to provide a fair and just reason for his plea to be withdrawn.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 27, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3