# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0751** (Gilmer County 15-F-11)

**Gary Paul Ferrell,**
**Defendant Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gary Paul Ferrell, by counsel Andrew Chattin, appeals the Circuit Court of Gilmer County's April 4, 2016, order denying his motion to withdraw his guilty plea. Respondent the State of West Virginia, by counsel Gordon L. Mowen II, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion to withdraw his guilty plea because he provided a fair and just reason for the withdrawal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 7, 2015, petitioner was indicted on one count of failure to re-register as a sex offender upon release from incarceration and one count of failure to provide sex offender registration change of information. On January 5, 2016, the parties appeared for trial. During the trial, however, the parties announced to the circuit court that they wished to enter into a plea agreement. Petitioner agreed to plead guilty to failure to re-register upon release from incarceration, and, in return, the State agreed to dismiss the remaining count. The State also agreed to join petitioner in recommending probation at sentencing. The circuit court accepted petitioner's plea, and he was adjudicated guilty.

On February 10, 2016, petitioner filed with the circuit court a pro se letter, which the court deemed to be a motion to withdraw his guilty plea. Petitioner stated in his motion that his attorney had informed him that his plea could be withdrawn prior to sentencing. He also criticized his attorney for failing to call certain witnesses for trial. On February 22, 2016, petitioner appeared for sentencing, at which time petitioner informed the circuit court that his plea had been "coerced." Petitioner also informed the circuit court that he no longer wished to plead guilty, and reiterated that he had been informed that he could withdraw his plea before sentencing. On the record, the circuit court found that petitioner had entered his plea freely, knowingly, voluntarily, intelligently, and with the assistance of counsel; however, no order

1

reflecting this ruling was entered. The circuit court proceeded to sentence petitioner.[1]

Petitioner filed a second pro se letter requesting to withdraw his guilty plea on March 3, 2016. On March 17, 2016, the parties appeared before the circuit court for a hearing on petitioner's motion. The circuit court again found that petitioner's plea was entered knowingly and voluntarily, and denied his motion to withdraw his plea. This ruling was memorialized in the circuit court's April 4, 2016, "Order Denying Defendant's Motion to Rescind Plea." It is from this order that petitioner appeals.[2]

Petitioner asserts on appeal that he provided a fair and just reason for withdrawing his plea. Namely, he claims that he was informed by trial counsel that he would be allowed to withdraw his plea before sentencing, if, after reviewing additional evidence, he no longer believed himself to be guilty of the crime charged. Petitioner contends that this misinformation amounted to coercion to enter his plea. He also argues that his trial counsel failed to subpoena the proper witnesses for trial and failed to present certain evidence.

West Virginia Rule of Criminal Procedure 32(e) provides that "[i]f a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea if the defendant shows any fair and just reason." In addition, we have held that,

> [n]otwithstanding that a defendant is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. Moreover, a trial court's decision on a motion under Rule 32([e]) of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion.

Syl. Pt. 2, *Duncil v. Kaufman*, 183 W.Va. 175, 176, 394 S.E.2d 870, 871 (1990).

Petitioner's first contention, that he was advised that he would be allowed to withdraw his plea before sentencing, is belied by the record. At petitioner's plea hearing, he asked the circuit court, "[w]ell, if I come up with the form [showing he registered upon release from incarceration] later on can this be, before sentencing, can something be done?" The circuit court specifically informed him that "once you enter this plea of guilty, it's final. Okay." The circuit court continued, "[y]ou understand that once you plead guilty here you can't take it back?"

---

[1]Petitioner was sentenced to an indeterminate term of one to five years imprisonment in the penitentiary. This sentence was suspended, however, and petitioner was placed on probation for a period of five years.

[2]Although petitioner first moved to withdraw his guilty plea prior to sentencing, a hearing specifically considering this motion was not held until after sentencing, and the order memorializing the circuit court's ruling on this motion was not entered until after sentencing. Nonetheless, the parties agree that the order on appeal and arguments made in regard thereto concern petitioner's motion to withdraw his guilty plea made prior to sentencing.

Petitioner replied, "[y]es, sir." Again, the circuit court asked petitioner, "[y]ou understand that if I accept it, again, you can't take it back?" Petitioner answered, "[y]es, Your Honor." Thus, it is clear that, at the time he entered the plea, petitioner was informed no less than three times that he would not be permitted to withdraw his plea, and that petitioner understood the circuit court's statements on this issue.

Petitioner was also asked at the plea hearing whether there were "any promises made to you other than what's contained in the plea-bargain agreement and stated in open court here on the record?" He replied, "[n]o." The circuit court asked whether "anyone threatened you, threatened your family, placed you in fear, placed your family in fear to get you to enter this plea?" He responded, "[n]o, sir." Petitioner further acknowledged that no one told him that he had to enter his plea. In sum, petitioner's contentions that he was coerced into entering his guilty plea and that he was informed that he could withdraw his guilty plea prior to sentencing are flatly contradicted by the record. We find that the circuit court did not abuse its discretion in denying petitioner's request to withdraw his guilty plea on this ground.

With respect to petitioner's contention that his trial counsel failed to present certain evidence and subpoena certain witnesses, we note first that petitioner, following the start of trial, elected to waive his right to a jury trial and enter a plea. To the extent petitioner contends that trial counsel's alleged failure to properly prepare for trial forced him into entering his plea, the record does not support this contention. The record also reflects that petitioner indicated that he was satisfied with the legal representation he received:

> THE COURT: And, Mr. Ferrell, you're represented by Mr. Timothy Gentilozzi. Are you satisfied with the manner in which Mr. Gentilozzi has represented you?
>
> DEFENDANT: Yes, I am.
>
> THE COURT: Did Mr. Gentilozzi do anything in your case you did not want him to do?
>
> DEFENDANT: No, sir.
>
> THE COURT: Did Mr. Gentilozzi do everything in your case that you wanted him to do?
>
> DEFENDANT: That he could, yeah.
>
> THE COURT: And do you have any complaints whatsoever about Mr. Gentilozzi's representations of you?
>
> DEFENDANT: No, I don't.

Ultimately, before the circuit court accepted petitioner's plea, the circuit court asked petitioner if his plea was tendered freely and voluntarily. Petitioner stated, "[y]es, sir." Petitioner

was also asked whether he wanted the circuit court to accept or reject his plea, and petitioner answered, "[a]ccept it." Based upon this colloquy, it is clear that petitioner's stated reasons for withdrawing his plea were not "fair and just." Petitioner indicated that he was pleased with his legal representation, and stated his intention that the circuit court accept his guilty plea. Thus, the circuit court did not abuse its discretion in denying petitioner's motion to withdraw his guilty plea.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 5, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker