# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0603** (Logan County CC-23-2019-F-66)

**Tanner C.,**
**Defendant Below, Petitioner**


## MEMORANDUM DECISION


Petitioner Tanner C., by counsel C. Christopher Younger, appeals the order of the Circuit Court of Logan County, entered on June 22, 2020, denying his motion to set aside his guilty plea, and the subsequent circuit court order, entered on July 17, 2020, sentencing petitioner to imprisonment for a term of ten to fifty years for his effective conviction of two counts of sexual abuse in the first degree. Respondent State of West Virginia appears by counsel Patrick Morrisey and Lara K. Bissett.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2019, Mr. C., while represented by counsel, entered a guilty plea to two counts of sexual abuse in the first degree in the Circuit Court of Logan County pursuant to *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987).[1] In exchange, the State agreed that it would not prosecute an additional count of sexual abuse in the first degree and three counts of sexual assault in the first degree that were charged in the indictment. It is undisputed that the circuit court thoroughly advised Mr. C. as required by Syllabus Point 3 of *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975). It is also undisputed that Mr. C. acknowledged that, in pleading guilty, he surrendered

---

[1] Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987) provides: "An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

any claim that the State "didn't have enough evidence."

After the plea hearing, Mr. C.'s counsel filed a motion to withdraw his representation, and the circuit court granted the motion and appointed replacement counsel. Soon after, Mr. C. filed a motion to withdraw his plea, on the ground that the State's evidence did not support convictions for three of the six counts to which he believed himself exposed. He argued that he was not adequately advised by his trial counsel after the State's assistant prosecuting attorney informed the circuit court, during the plea hearing, that the State would be unable to secure a conviction on those three counts. The circuit court conducted a hearing on this motion, but Mr. C.'s counsel presented no evidence or witnesses. The circuit court denied the motion to allow Mr. C. to withdraw his plea by order entered on June 22, 2020. On appeal, Mr. C. assigns error, first, to the circuit court's denial of his motion and, second, to the ineffective assistance of his first counsel. We review these assignments as one, under the following premise:[2]

> Notwithstanding that a defendant is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. Moreover, a trial court's decision on a motion under Rule 32(d) of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion.

Syl. Pt. 2, *Duncil v. Kaufman*, 183 W. Va. 175, 394 S.E.2d 870 (1990).

It is apparent that Mr. C. received the benefit for which he bargained when he entered his guilty plea. In summarizing the State's evidence during the plea hearing (at which Mr. C. was present), the assistant prosecuting attorney explained that the young victim had provided a statement incriminating Mr. C., who "had sexual contact with her sexual organs" on three occasions. After offering this information, the assistant prosecuting attorney was forthcoming in clarifying that the State would offer this evidence in support of three counts of sexual abuse in the first degree, but that it did not have evidence of penetration to support the remaining three counts charged in the indictment (sexual assault in the first degree). Immediately following this

---

[2] Mr. C.'s second assignment of error charges, in its entirety, "The Defendant had ineffective assistance of counsel." We consider this assignment only to the extent that Mr. C. argues that his counsel erred, in open court, to such a degree that the circuit court should have recognized an apparent need to allow Mr. C. to withdraw his plea. We otherwise decline to presently consider the reasonableness of counsel's actions because, as we have explained,

> [t]he very nature of an ineffective assistance of counsel claim demonstrates the inappropriateness of review on direct appeal. To the extent that a defendant relies on strategic and judgment calls of his or her trial counsel to prove an ineffective assistance claim, the defendant is at a decided disadvantage. Lacking an adequate record, an appellate court simply is unable to determine the egregiousness of many of the claimed deficiencies.

*State v. Miller*, 194 W.Va. 3, 15, 459 S.E.2d 114, 126 (1995).

2

disclosure, which occurred in Mr. C.'s presence, the circuit court asked Mr. C. if he had questions. Mr. C. affirmed that he did not and then affirmed that he wished to enter a plea of guilty to two counts of sexual abuse in the first degree. In short, the State announced in Mr. C.'s presence that it had insufficient evidence to prosecute three of the original six counts of the indictment, and Mr. C. was left exposed to prosecution on three of the total charged counts, absent a change in circumstances. In the end, Mr. C. assumed guilt for just two of these charges and escaped prosecution for the third.

The evidence shows that Mr. C. heard the State's declaration that it could not meet its burden of proof on the sexual assault charges, but that he nevertheless declined the circuit court's invitation to ask further questions. Mr. C. subsequently received the benefit of the State's dismissal of one count of sexual abuse in the first degree in exchange for the entry of his plea. These facts demonstrate that the circuit court did not abuse its discretion in denying Mr. C.'s motion to withdraw his plea.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton