# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0773** (Greenbrier County 11-F-62 & 12-F-125)

**Dwayne K.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Dwayne K., by counsel Paul S. Detch, appeals the Circuit Court of Greenbrier County's July 10, 2015, order sentencing him to a prison term of five to fifteen years in addition to a fine and terms of sex-offender registration and supervision upon his release from prison.[1] The State, by counsel David A. Stackpole, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying (1) his motion to withdraw his guilty plea, and (2) his motion to dismiss based on an alleged violation of his speedy trial rights under the West Virginia Constitution.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2011, petitioner was indicted on the following six crimes: two counts of first-degree sexual assault; two counts of sexual abuse by a parent, guardian, or custodian; and two counts of incest (case no. 11-F-62). According to the indictment, petitioner committed these offenses against his minor daughter between 2004 and 2008. Petitioner was appointed a public defender as counsel of record, and the matter was assigned to Judge James J. Rowe. At his subsequent arraignment, petitioner's trial was scheduled for September of 2011.

Between August of 2011 and June of 2012, petitioner requested at least three continuances that caused his trial to be delayed. In June of 2012, petitioner was indicted on the following two additional crimes allegedly occurring in April of 2011: one count of first-degree

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

sexual abuse and one count of sexual abuse by a parent, guardian, or custodian (case no. 12-F-125). The victim in 12-F-125 was identified as an eight-year-old male child. The matter was assigned to Judge Joseph C. Pomponio Jr., and trial was scheduled for September of 2012. Although somewhat unclear from the record on appeal, it appears that a second public defender was appointed to represent petitioner in 12-F-125.

In late June of 2012, petitioner's public defender in 11-F-62 filed a motion to withdraw as counsel. Judge Rowe granted that motion and appointed Attorney Kristopher Faerber to represent petitioner in 11-F-62 only. Following another continuance by petitioner's new counsel, the circuit court held another pre-trial hearing in 11-F-62 in September of 2012. At that hearing, the circuit court granted petitioner's motion to transfer 11-F-62 to Judge Pomponio so that a single judge could preside over both criminal cases. On the same date that the cases were transferred, Judge Pomponio signed an "agreed order continuing matters" in both cases—11-F-62 and 12-F-125. Judge Pomponio's order also relieved the public defender's office and appointed Attorney Faerber as counsel for both cases.[2]

Petitioner again delayed his trial date by requesting two more continuances in May of 2013 and January of 2014, respectively. In a motion filed days prior to his April trial date, he argued that he could not "adequately prepare a defense" based on the indictment in 11-F-62.

The circuit court held a hearing in this matter in August of 2014. At that hearing, petitioner's counsel informed the circuit court that petitioner had entered into a plea agreement with the State by which he would plead guilty to one count of incest and the remaining counts in 11-F-62 and 12-F-125 would be dismissed; the circuit court was not bound to any agreed sentencing terms; the parties were free to argue for an appropriate sentence; and the State would recommend that he receive all of his time served on bond since 2011 as credit for time served.

However, during a lengthy plea colloquy, petitioner changed his mind about entering the plea and chose to go to trial. Respecting petitioner's choice, the parties then took up pre-trial matters in preparation for trial. For the purpose of assessing the availability of its witnesses for trial, the State requested a short recess, which the circuit court granted. Following that short recess, petitioner informed the circuit court that he had, again, changed his mind and now wished to proceed with the plea agreement. The circuit court verified that petitioner wished to proceed with the guilty plea, and petitioner stated clearly on the record, "[y]es, sir." The circuit court performed a second plea colloquy with petitioner and, again, expressly informed petitioner of the specific rights he would waive by pleading guilty. In addition to many other discussions of petitioner's rights at the plea hearing, the circuit court and petitioner had the following exchanges:

COURT: Do you think that your lawyer, or anyone else, is making you plead guilty?

---

[2]Although not fully explained in the record on appeal, another attorney, Douglas Arbuckle, was appointed (apparently as co-counsel to Attorney Faerber, who remained lead counsel) in 12-F-125 in October of 2012. Michael R. Whitt was later appointed as co-counsel (with Attorney Faerber) in July of 2014 for the purpose of taking petitioner's case to trial.

DEFENDANT: No.

. . . .

COURT: Do you understand that by entering a plea of guilty, you're waiving or giving up certain constitutional rights that you may have?

DEFENDANT: Yes, sir.

. . . .

COURT: Do you understand that if you plead guilty, that there will not be a trial, of any kind, and that you would be giving up your right to a trial?

DEFENDANT: Yes, sir.

COURT: Do you further understand that by entering a plea of guilty, you would be waiving or giving up all of the pre-trial defects with regard to your arrest, the gathering of evidence, any prior confessions, and, further, if you enter a plea of guilty, you waive all non-jurisdictional defects in the criminal proceeding against you?

DEFENDANT: Yes, sir.

. . . .

COURT: [Following a reading in open court of count three of the indictment] Mr. K[.], with regard to [c]ount 3 of the indictment, charging you with the offense of incest, how do you plead?

DEFENDANT: Guilty.

. . . .

COURT: [Following petitioner's signing of the written plea agreement in open court] Did you sign this [written plea agreement], freely and voluntarily?

DEFENDANT: Yes.

. . . .

COURT: And you have freely and voluntarily tendered, both, your oral plea of guilty and your written plea of guilty to the [c]ourt. Is that correct?

DEFENDANT: Yes.

Petitioner then expressed his satisfaction with his attorneys and stated that all of his answers to the circuit court's questions were true. Petitioner was informed of his maximum prison exposure under the plea agreement, and he verified that his attorneys had reviewed with him the consequences of his plea agreement prior to the hearing, including the rights he would waive by pleading guilty. Attorney Whitt stated that he had witnessed Attorney Faerber go "over all of the rights, constitutional and statutory rights, that [petitioner would] be waiving and giving up by entering his guilty plea[.]" Further, Attorney Faerber advised the circuit court that "despite [petitioner's] inability to read, he certainly can comprehend, and I've always felt that he fully understands what I'm talking to him about."[3] Following this lengthy proceeding, the circuit court accepted petitioner's plea of guilty to one count of incest and dismissed the remaining counts in both indictments. A sentencing hearing was scheduled for late October of 2014.

In October of 2014, prior to the scheduled sentencing hearing, petitioner retained his current counsel, Attorney Detch, to represent him in this matter. Immediately thereafter, petitioner filed a motion to withdraw his plea of guilty. In that motion, petitioner argued that his prior attorneys improperly advised him; that his prior attorneys failed to properly investigate the charges against him; that he maintained his innocence; and that justice required the withdrawal of his guilty plea. The sentencing hearing was continued.

In November of 2014, the circuit court held a hearing on petitioner's motion to withdraw his plea. Petitioner testified as to his innocence and his claim that he was given no alternative but to plead guilty. Petitioner's former counsel, Messrs. Faerber and Whitt, also testified at that hearing in support of their advocacy and representation of petitioner. In late November of 2014, petitioner filed a brief in support of his motion to withdraw the guilty plea, and, in December of 2014, the State filed a brief in opposition to petitioner's motion to withdraw the guilty plea.

In January of 2015, petitioner filed a motion to dismiss that raised for the first time his claim that the circuit court violated his speedy trial rights under the West Virginia Constitution, as those rights are defined by West Virginia Code § 62-3-21 (the "three-term rule"). In that motion, petitioner argued that seven terms of court passed without any excusable reason as set forth in the three-term rule statute.

In February of 2015, the circuit court held a sentencing hearing. At the conclusion of that hearing, the circuit court denied petitioner's motion to withdraw his guilty plea noting that it was clear from petitioner's statements at the plea hearing that his plea was entered into voluntarily, knowingly, and intelligently. As to sentencing, in addition to sex offender registry and a period of supervised release, the circuit court sentenced petitioner to prison for five to fifteen years with credit for time served in the amount of thirty-four days and fined him $1,000. It is from the circuit court's sentencing order, entered on July 10, 2015, that petitioner now appeals.

On appeal, petitioner first argues that the circuit court erred in denying his motion to withdraw his plea, which he filed before sentencing. This Court has held:

---

[3]Petitioner's illiteracy was previously noted during the hearing.

4

Notwithstanding that a defendant is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. Moreover, a trial court's decision on a motion under Rule 32(d) of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion.

Syl. Pt. 2, *Duncil v. Kaufman*, 183 W.Va. 175, 394 S.E.2d 870 (1990). A circuit court abuses its discretion "if it bases its ruling on an erroneous assessment of the evidence or an erroneous view of the law." *Cox v. State*, 194 W.Va. 210, 218 n. 3, 460 S.E .2d 25, 33 n. 3 (1995).

Rule 32(e) of the West Virginia Rules of Criminal Procedure provides that "the [circuit] court may permit withdrawal of the plea if the defendant shows any fair and just reason." We have also held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) (stating that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion.").

In this case, petitioner asserts that he was entitled to have his guilty plea withdrawn because he has maintained his innocence throughout these proceedings and because he was coerced into pleading guilty when his attorneys gave him no alternative. We disagree. It is evident from the plea hearing that petitioner admitted his guilt after a lengthy and exhausting colloquy with the circuit court, which included a discussion of the rights he would waive by pleading guilty and the potential prison term and other consequences he faced. Indeed, the circuit court conducted not one, but two plea colloquies with petitioner. Petitioner was also informed, several times, that he had the right to proceed to trial, which he clearly understood given his vacillation during the plea hearing. Based upon our review of the record herein and our holding in *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), we find that petitioner knowingly, voluntarily, and intelligently decided to enter the guilty plea.[4]

---

[4]In Syllabus Point 3 of *Call v. McKenzie*, 159 W.Va. at 191, 220 S.E.2d at 665, this Court held as follows:

When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

Further, as noted above, petitioner stated that he was satisfied with his attorneys, who appeared ready to proceed to trial but who counseled petitioner that the guilty plea was in his best interests. Petitioner also told the circuit court at the plea hearing that his answers during the plea colloquy were true. Following a thorough review of the record on appeal, the parties' arguments, and all pertinent legal authority, we find no error in the circuit court's denial of petitioner's motion to withdraw his guilty plea because no fair and just reason exists to support such a withdrawal. Given petitioner's admissions during the plea hearing and his failure to demonstrate a just and fair reason to withdraw his guilty plea, we find no merit to petitioner's first assignment of error.

Petitioner next argues that the circuit court erred in denying his motion to dismiss the indictment because he claims his right to a speedy trial under the West Virginia Constitution was violated when he was not tried within three terms of court, as required by West Virginia Code § 62-3-21. In reviewing challenges to a circuit court's order regarding a motion to dismiss an indictment, we employ the following standard of review:

> This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the de novo standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact.

Syl. Pt. 1, *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009). Our review of alleged speedy trial violations under the West Virginia Constitution is further guided by Syllabus Point 2 of *State v. Carrico*, 189 W.Va. 40, 427 S.E.2d 474 (1993): "'It is the three-term rule, W.Va. Code [§] 62-3-21 [1959], which constitutes the legislative pronouncement of our speedy trial standard under Article III, Section 14 of the West Virginia Constitution.' Syl. Pt. 1, *Good v. Handlan*, 176 W.Va. 145, 342 S.E.2d 111 (1986)."

We have also held that a "defendant waives significant constitutional rights by entering into a plea agreement, such as . . . the right to a speedy trial." *State ex rel. Forbes v. Kaufman*, 185 W.Va. 72, 77, 404 S.E.2d 763, 768 (1991); *see also State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996) (stating that "[i]f any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences."); *Tollett v. Henderson*, 411 U.S. 258 (1973) (stating that when criminal defendant openly in court admits he is guilty of offense charged, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Notably, once a criminal defendant waives constitutional rights, "he cannot be heard to complain thereafter." *Call v. Mckenzie*, 159 W.Va. 191, 195-96, 220 S.E.2d 665, 669-70 (1975).

Here, petitioner waived and forfeited his right to appeal the three-term rule issue by failing to raise it prior to the entry of his guilty plea and by failing to enter a conditional guilty

plea that would have preserved the issue for appellate review.[5] *See State v. Legg*, 207 W.Va. 686, 690 n. 7, 536 S.E.2d 110, 114 n. 7 (2000), relying on Justice Cleckley's concurrence in *State v. Lilly*, 194 W.Va. 595, 461 S.E.2d 101 (1995) (stating that "[w]hen a defendant unconditionally and voluntarily pleads guilty to an offense, the defendant generally waives nonjurisdictional objections to a circuit court's rulings, and therefore cannot appeal those questions to a higher court."). As petitioner waived his assertion of a speedy trial issue by pleading guilty unconditionally, we decline to address the issue in this memorandum decision.

For the foregoing reasons, the circuit court's July 10, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**:

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[5]Rule 11(a) of the West Virginia Rules of Criminal Procedure addresses pleas generally and includes an express provision regarding conditional guilty pleas, which reads as follows:

> (2) Conditional pleas. With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.