## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Andrew Miller,**
**Petitioner Below, Petitioner**

**vs.) No. 18-0126**   (Raleigh County 15-C-707)

**Craig Roberts, Superintendent,**
**McDowell County Corrections,**
**Respondent Below, Respondent**

**FILED**

**May 24, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Andrew Miller, by counsel Thad A. Bowyer, appeals the January 18, 2018, order of the Circuit Court of Raleigh County denying his petition for writ of habeas corpus. Respondent, Craig Roberts,[1] Superintendent, McDowell County Corrections, by counsel Caleb A. Ellis, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying him habeas relief because the State breached the plea agreement, the habeas court committed plain error when it affirmed the trial's court's acceptance of the State's breach of the plea agreement, and petitioner received ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On the night of May 7, 2009, petitioner, along with Jamal Cousins and Ryan Monroe, broke into the home of Jessica Mitchell. They threatened her with guns and then left the home. Petitioner and Mr. Monroe then encountered Troy Hall and Frankie Miller, who invited petitioner and Mr. Monroe to their home to get cigarettes. When they arrived, petitioner and Mr. Monroe held the

---

[1] Effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3. Moreover, petitioner originally listed Ralph Terry, of Mt. Olive Correctional Complex, as respondent in this action. Petitioner is no longer incarcerated at Mt. Olive Correctional Complex and has been transferred to McDowell County Corrections. Accordingly, the appropriate public officer has been substituted pursuant to Rule 41 of the Rules of Appellate Procedure.

two men at gunpoint and petitioner took some jewelry from Mr. Hall. Petitioner and Mr. Monroe then continued to demand items of value from the two men and discussed killing them. Mr. Miller's brother-in-law came to the house, saw what was going on through the window, and alerted the police. Petitioner and Mr. Monroe were arrested. Petitioner was charged with two counts of burglary, three counts of wanton endangerment involving a firearm, two counts of kidnapping, one count of first-degree robbery, one count of malicious wounding, and two counts of conspiracy to commit murder.

On February 11, 2010, petitioner signed a plea agreement providing that he would plead guilty to one count of burglary, one count of wanton endangerment, one count of kidnapping, and one count of conspiracy to commit murder. In exchange, the State would recommend that the kidnapping sentence be a determinate ten years of incarceration. The agreement provided that "[o]ther than this recommendation, there is no sentencing agreement." A plea hearing was held on February 26, 2010, during which petitioner's plea was accepted by the circuit court. At an April 12, 2010, sentencing hearing, the prosecutor recommended that petitioner be sentenced to ten years for kidnapping and five years for wanton endangerment. Petitioner was sentenced to not less than one nor more than fifteen years of incarceration for his burglary conviction, five years of incarceration for his wanton endangerment conviction, ten years of incarceration for his kidnapping conviction, and not less than one nor more than five years of incarceration for his conspiracy to commit murder conviction. The sentences were to run consecutively. Petitioner did not file a direct appeal of his conviction or sentence, nor did he move to withdraw his plea.

Petitioner filed a pro se petition for a writ of habeas corpus in the circuit court on July 20, 2015. He was appointed counsel and an amended petition was filed. Petitioner argued that by offering a sentencing recommendation for wanton endangerment, in addition to the agreed upon ten years for the kidnapping conviction, the State breached the plea agreement. He also argued that the trial court's acceptance and affirmation of the State's altered plea recommendations constituted plain error. Petitioner further asserted that he received ineffective assistance of counsel due to his attorney's failure to object to the State's breach of the plea agreement at sentencing. The circuit court held an evidentiary hearing during which petitioner presented no evidence. On January 18, 2018, the circuit court denied petitioner's amended petition. It determined that there was no breach of the plea agreement. The circuit court found that the State agreed to recommend ten years of incarceration for the kidnapping charge and beyond that, there was no agreement. The court determined that the State's misspeak during the plea hearing did not amount to a breach of the plea agreement. The circuit court further determined that the trial court's acceptance of the plea agreement did not amount to plain error. It found that the written plea agreement, as well as the plea colloquy, clarified the intent of the parties regarding the terms of the plea agreement. Finally, the circuit court determined that petitioner did not receive ineffective assistance of counsel. Because the plea agreement was not breached, counsel below had no reason to object. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review

the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

Petitioner raises three assignments of error on appeal. First, he contends that the circuit court was clearly erroneous in failing to find that the State breached the plea agreement. It has been established that

"[c]ases involving plea agreements allegedly breached by either the prosecution or the circuit court present two separate issues for appellate consideration: one factual and the other legal. First, the factual findings that undergird a circuit court's ultimate determination are reviewed only for clear error. These are the factual questions as to what the terms of the agreement were and what was the conduct of the defendant, prosecution, and the circuit court. If disputed, the factual questions are to be resolved initially by the circuit court, and these factual determinations are reviewed under the clearly erroneous standard. Second, in contrast, the circuit court's articulation and application of legal principles is scrutinized under a less deferential standard. It is a legal question whether specific conduct complained about breached the plea agreement. Therefore, whether the disputed conduct constitutes a breach is a question of law that is reviewed de novo." Syl. Pt. 1, *State ex rel. Brewer v. Starcher*, 195 W.Va. 185, 465 S.E.2d 185 (1995).

Syl. Pt. 1, *State v. Shrader*, 234 W. Va. 381, 765 S.E.2d 270 (2014).

The plea agreement provides, in relevant part, that "[t]he State will recommend that the kidnapping sentence should be under W.Va. Code § 61-2-14(a)(4) and should be a flat ten years. Other than this recommendation, there is no sentencing agreement." During the plea hearing, the prosecuting attorney advised the circuit court that the only agreement regarding sentencing was that the State would recommend ten years for the kidnapping sentence and that "beyond that, there is no sentencing recommendation." At the sentencing hearing, the State then recommended ten years of incarceration for the kidnapping charge and five years of incarceration for the wanton endangerment with a firearm charge. The State made no recommendations on the remaining charges.

Petitioner asserts that the State's recommendation at sentencing was in direct conflict with the language of the plea agreement and drastically exceeded the agreed sentencing recommendation. Petitioner argues that the plea agreement should be interpreted to mean that the State will recommend ten years of incarceration only and that is the entire agreement. He asserts that this interpretation is supported by the prosecutor's explanation of the plea agreement during the plea hearing in which the prosecutor stated that it was the only agreement regarding sentencing and that "beyond that there is no sentencing recommendation." Petitioner argues that the terms of the agreement were ambiguous and pursuant to *State ex rel. Thompson v. Pomponio,* 233 W. Va. 212, 220 757 S. E.2d 636, 644 (2014), "the burden of insuring both precision and clarity in a plea

3

agreement is imposed on the State. Consequently, the existence of ambiguity in a court-approved plea agreement [should] be construed against the State and in favor of the defendant." Petitioner asserts that because the plea agreement is ambiguous, the prosecutor's recommendation at sentencing was a material breach of that agreement.

We find that there was no material breach of the plea agreement. The circuit court concluded that the alleged prosecutorial misspeak of saying that "beyond that there is no *recommendation,*" rather than "beyond that there is no *agreement,*" does not alter the terms of the plea agreement. The circuit court found that the terms of the plea agreement were unambiguous. The plea agreement clearly states that "[o]ther than this recommendation, there is no sentencing agreement." Further, the circuit court determined that the plea agreement contains no "zipper clause" barring the state from further recommendations. The State never agreed to remain silent on the remainder of the charges, and there is no evidence showing that it agreed to do so. *See State v. Wilson*, 237 W. Va. 288, 787 S.E.2d 559 (2016) (finding that the petitioner was entitled to the State's silence as to sentencing when the plea agreement specifically stated that "[t]he Office of the Prosecuting Attorney agrees to stand silent as to sentencing"); *Duncil v. Kaufman,* 183 W. Va. 175, 183, 394 S.E.2d 870, 878 (1990) (finding that the State did not breach the plea agreement by not standing silent at sentencing when the plea agreement stated an explicit recommendation and provided that "[t]he above five (5) paragraphs constitute the entire Agreement"). Further, there was no ambiguity in the plea agreement, which petitioner signed prior to the plea hearing. The State's misstatement at the plea hearing is immaterial. The circuit court concluded that there was no material breach of the plea agreement by the State. We agree.

Petitioner's second assignment of error, that the trial court's acceptance and affirmation of the State's altered plea recommendations constituted plain error, is also without merit. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller,* 194 W. Va. 3, 459 S.E.2d 114 (1995). The habeas court determined that because there was no material breach of the plea agreement, the trial court did not err in accepting petitioner's plea. It noted that the plea colloquy and the written plea agreement remedied any error that may have occurred. The circuit court, therefore, held that there was no plain error that would justify the withdrawal of petitioner's plea. We agree with the circuit court's conclusion. As there was no material breach of the plea agreement, the circuit court's acceptance of petitioner's plea was not erroneous.

Petitioner's third assignment of error, that he received ineffective assistance of counsel, is also without merit. In order to prevail on a claim of ineffective assistance of counsel petitioner must show that "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Miller,* 194 W. Va. at 6, 459 S.E.2d at 117, syl. pt. 5, in part (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Further, this Court held that

> [a]n ineffective assistance of counsel claim presents a mixed question of law and fact; we review the circuit court's findings of historical fact for clear error and its legal conclusions *de novo*. This means that we review the ultimate legal claim of

4

ineffective assistance of counsel *de novo* and the circuit court's findings of underlying predicate facts more deferentially. *State ex rel. Daniel v. Legurksy*, 195 W. Va. 314, 320, 465 S.E.2d 416, 422 (1995).

*State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999).

Petitioner argues that counsel below failed to object to a material alteration of the plea agreement. He asserts that this failure to object was not a tactical decision, but rather, it was a lapse in effective representation. He argues that under an objective standard of reasonableness counsel erred in failing to object to the breach, and absent such error the result of the proceedings would have been different.

We find that petitioner failed to satisfy the first prong of the *Strickland/Miller* test. As noted above, counsel below did not err when he failed to object to the State's position regarding petitioner's sentence. Further, as discussed above, there was no material breach of the plea agreement, and therefore, no reason for defense counsel to object to the State's recommendations during sentencing. *See Mugnano v. Painter*, 212 W. Va. 831, 834, 575 S.E.2d 590, 593 (2002) ("Obviously, if the remark did not violate the agreement, defense counsel did not render ineffective assistance by failing to object to it."). The record shows that the circuit court discussed with petitioner the possible maximum sentences for each of the crimes to which he pled guilty. Defense counsel actively participated in the discussion. Petitioner was informed by the court that despite the State's recommendations, the court could impose the maximum sentences allowed, and petitioner indicated that he understood. The circuit court concluded that counsel below did not render ineffective assistance of counsel. We agree with the court's conclusion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 24, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins

**DISQUALIFIED:**
Justice John A. Hutchison